[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on August 22, 1970 at Yalesville, Connecticut.
All jurisdictional requirements have been met.
The marriage of the parties has broken down irretrievable and the same is hereby dissolved. CT Page 9367
The court has considered all the statutory criteria contained in Conn. Gen. Stat. Sections 46b-81 and 46b-82 and enters the following orders:
The marital home shall be placed on the market for sale at a price suggested by a broker who shall be hired by the plaintiff. The net proceeds of the sale shall be used to pay the mortgages on the property, to repay the estate/trust of the plaintiff's mother, to pay any back taxes owed either jointly by the parties or by the estate/trust. Any balance shall be divided sixty-five percent to the plaintiff and thirty-five percent to the defendant.
To the degree that these obligations are not satisfied by the equity in the home, each of the parties shall be responsible for one half of amounts due the estate or taxes thereon except all interest and penalties shall be paid by the plaintiff).
The defendant shall pay to the plaintiff $50.00 per week as alimony, until the death of either party or the remarriage of the plaintiff. The alimony award, in addition to its usual purposes is awarded with the intent of protecting the plaintiff from liability for obligations incurred through the defendant's management of the parties' and the estate/trust's money.
The personal property located within the home is awarded to the plaintiff.
The defendant shall transfer to the plaintiff one half of his Aetna pension and shall name the plaintiff as surviving spouse.
Each of the parties shall retain the asset listed on their financial affidavits.
The defendant shall indemnify and hold harmless the plaintiff in regard to the nursing home debt, back taxes, and the estate/trust.
Each of the parties shall be responsible and shall pay one half of the plus loan.
The defendant shall be responsible for all the obligations listed on his financial affidavit and shall indemnify and hold harmless the plaintiff thereon. CT Page 9368
The defendant shall name the plaintiff as irrevocable beneficiary of his life insurance and shall maintain the same for her benefit. The defendant shall not borrow against the policy in amount greater than 10 percent of its face value.
The Chevy Blazer is awarded to the defendant. The Honda and the Subaru are awarded to the plaintiff.
BY THE COURT
Elaine Gordon, J.